Submitted July 11, 2008, affirmed January 14, 2009

Matthew Blake LOWRANCE,
*Petitioner-Respondent,*

*v.*

Kenneth Owen TROW,
*Respondent-Appellant.*

Multnomah County Circuit Court
070404779; A136205

200 P3d 637

Spencer J. Hahn filed the brief for appellant.

No appearance for respondent.

Before Edmonds, Presiding Judge, and Wollheim, Judge, and Sercombe, Judge.

EDMONDS, P. J.

## EDMONDS P. J.

Respondent appeals in this stalking protective proceeding under ORS 30.866 and argues that the evidence is insufficient to warrant the trial court's issuance of the order prohibiting him from having contact with petitioner.[1] We review *de novo, Hanzo v. deParrie*, 152 Or App 525, 537, 953 P2d 1130 (1998), *rev den*, 328 Or 418 (1999), and affirm.

■ To obtain a stalking protective order (SPO) under ORS 30.866(1), a petitioner must demonstrate by a preponderance of the evidence that

"(a) The person intentionally, knowingly or recklessly engages in repeated and unwanted contact with the other person or a member of that person's immediate family or household thereby alarming or coercing the other person;

"(b) It is objectively reasonable for a person in the victim's situation to have been alarmed or coerced by the contact; and

"(c) The repeated and unwanted contact causes the victim reasonable apprehension regarding the personal safety of the victim or a member of the victim's immediate family or household."

ORS 30.866(1) has both a subjective and an objective component. To satisfy the subjective component, "[t]he contacted person must in fact be alarmed or coerced by the contacts, and the contacts must in fact cause the person apprehension regarding his or her personal safety." *Weatherly v. Wilkie*, 169 Or App 257, 259, 8 P3d 251 (2000). To satisfy the objective component, "the contacted person's alarm or coercion must be objectively reasonable" and that person's apprehension for his or her personal safety must also be objectively reasonable. *Id.*

■ ORS 30.866(1) also requires that the petitioner establish repeated and unwanted contact by the respondent. "Repeated" contact means two or more contacts within the

---

[1] Petitioner did not file a brief or appear on appeal.

previous two years. ORS 30.866(6); ORS 163.730(7). The contacts may include, among other things, coming into the person's visual or physical presence; following the person; waiting outside the person's home, property, place of work or school; speaking with the person; or sending or making written communications of any kind. ORS 163.730(3). If the contact involves speech, Article I, section 8, of the Oregon Constitution requires proof that the contact constitutes a threat. A threat "is a communication that instills in the addressee a fear of imminent and serious personal violence from the speaker, is unequivocal, and is objectively likely to be followed by unlawful acts." *State v. Rangel*, 328 Or 294, 303, 977 P2d 379 (1999). But a threat does not include "the kind of hyperbole, rhetorical excesses, and impotent expressions of anger or frustration that in some contexts can be privileged even if they alarm the addressee." *State v. Moyle*, 299 Or 691, 705, 705 P2d 740 (1985).

A detailed discussion of the evidence in this case would not benefit the bench or the bar. Suffice it to say that all of the elements of the statute for the issuance of an SPO are readily satisfied by testimony from witnesses at the hearing with the possible exception of the requirement imposed by the statute that petitioner was subjectively alarmed by his contacts with respondent, causing him to be reasonably apprehensive regarding his safety or the safety of a member of his household. In that regard, petitioner's testimony is the only evidence that could, on this record, potentially qualify as a source for the required proof of that element.

At the hearing, petitioner's testimony was limited to the following: He was asked by the court, "Are the facts stated in your petition that are not hearsay true?" Petitioner answered, "Yes, sir." In his petition, petitioner alleges, in response to inquiries about whether he was afraid for his personal safety as a result of his contacts with respondent, that respondent "threatened my safety," "[h]e has threatened my life * * * walking through my yard [with a] butcher knife[,]" and "[h]e told me I was going to die."[2] If the allegations made

---

[2] It is reasonably inferable from the testimony of the other witnesses at trial that the threats were made during two or more unwanted contacts that occurred between petitioner and respondent.

in petitioner's petition are part of the evidentiary record as the result of petitioner's response to the trial court's question, then the record contains evidence sufficient to satisfy the statutory elements of ORS 30.866 and to warrant the issuance of an SPO.

On appeal, respondent argues,

> "Petitioner provided no testimony, other than affirming that the non-hearsay statements in his petition for a temporary stalking protective order were true. No one made any effort to introduce the petition into evidence, and since the petition is an out-of-court statement, if it was being considered for the truth of the matter asserted, none of the statements in the petition were admissible as they were all hearsay, as defined in OEC 801(3). Hearsay is only admissible when provided for by law. OEC 802. No such exception to this general bar on hearsay was cited, and the trial court specifically noted several times that it would not consider any hearsay evidence."[3]

As we understand respondent's argument, he argues that: (1) petitioner's in-court testimony "affirming" the contents of the petition does not constitute "testimony" or "evidence"; and (2) the petition itself had to be introduced into evidence for petitioner's statements within it to be admissible. Thus, in our view, the issue becomes whether petitioner's adoption of his statements in his petition constitutes evidence for purposes of our *de novo* review of the record.[4] If it does so, then it was not necessary for the petition itself to be introduced into evidence, and the trial court properly issued the SPO.

■ ORS 41.010 provides that "[j]udicial evidence is the means, sanctioned by law, of ascertaining in a judicial proceeding the truth respecting a question of fact. Proof is the effect of evidence, the establishment of the fact by evidence." A fact in issue may be established by the oral examination of a witness. ORS 45.010(3). Here, petitioner's testimony at the

---

[3] Respondent did not object on the basis of hearsay in the trial court, and we do not address that issue on appeal.

[4] We do not imply by our statement that adoption of statements made in writing outside the proceeding by an in-court declarant are not admissible for other purposes. See, *e.g.*, OEC 801(4), which provides that such a statement is not hearsay if it is offered to impeach or rehabilitate a witness.

hearing that his allegations in his petition were true constituted an adoption of his allegations in his petition and subjected him to cross-examination concerning his in-court adoption. As the legislative commentary to OEC 801(4) notes,

> "If the witness admits on the stand that the witness made the statement, and that it was true, then the witness adopts the statement and there is no hearsay problem."

Laird C. Kirkpatrick, *Oregon Evidence* § 801.02[2], 661 (5th ed 2007). Moreover, in discussing Rule 801(d) of the Federal Rules of Evidence, the federal counterpart to OEC 801(4), Weinstein explains,

> "If a witness, questioned about a prior statement, admits on the stand that he or she made the statement and acknowledges that it is true, *the witness thereby adopts the prior statement as his or her testimony*. This adoption bypasses the requirements of Rule 801(d)(1) and the entire hearsay problem."

Jack B. Weinstein and Margaret A. Berger, 5 *Weinstein's Federal Evidence* § 801.21[4] (Joseph M. McLaughlin ed., 2d ed 2008) (emphasis added; footnote omitted).[5]

In summary, petitioner's adoption through his in-court testimony of his prior allegations constitutes evidence that he was alarmed for his personal safety by respondent's contacts. It necessarily follows that the statutory requirements for the issuance of the SPO were met, and

---

[5] Additionally, numerous federal decisions have admitted a witness's prior statements that were adopted by the witness at trial. *See United States v. Lopez-Lopez*, 282 F3d 1, 17 (1st Cir), *cert den*, 536 US 949 (2002) ("Agent Velez, at trial, adopted his allegedly inconsistent suppression hearing testimony when he affirmatively stated that the correct time could have been two or three seconds rather than five seconds."); *United States v. Klein*, 488 F2d 481, 483 (2d Cir 1973), *cert den*, 419 US 1091 (1974) ("If [the witness] had said explicitly that her grand jury testimony was the truth, this principle would sustain the judge's ruling [allowing the prosecutor to read that witness's grand jury testimony to the jury]."); *United States v. Borelli*, 336 F2d 376, 391 (2d Cir 1964), *cert den*, 379 US 960 (1965) ("When a witness thus affirms the truth of a prior statement, the earlier statement is to be considered 'not only as bearing on the credibility of the witness but as affirmative evidence.'"); *Stewart v. Baltimore & O. R. Co.*, 137 F2d 527, 529 (2d Cir 1943) ("Exhibits 3 and 4 were both admissible not only as bearing on the credibility of the witness but as affirmative evidence. Their use as affirmative evidence was permissible because Edman testified that the statements made in these exhibits were true.").

therefore the trial court did not err in issuing the SPO in this case.

Affirmed.